IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ERIC GILBERT, On behalf of himself and others similarly situated, | ) ) ) |
| | ) CASE NO. 2:15-cv-2854 |
| Plaintiff, | ) ) JUDGE GEORGE C. SMITH |
| v. | ) ) MAGISTRATE JUDGE JOLSON |
| ABERCROMBIE & FITCH CO., *et al.*, | ) ) ) |
| Defendants. | ) |

### ORDER AND FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT

This action has come before the Court upon the motion of Plaintiff Eric Gilbert, on behalf of himself and others similarly situated ("Gilbert" or "Class Plaintiff"), for final approval of the Stipulation and Agreement of Settlement (the "Stipulation") dated February 18, 2016, with Defendant Abercrombie & Fitch Co. ("ANF" or the "Company") and Defendants Arthur C. Martinez, James B. Bachmann, Bonnie R. Brooks, Terry L. Burman, Sarah M. Gallagher, Michael E. Greenlees, Archie M. Griffin, Charles R. Perrin, Stephanie M. Shern and Craig R. Stapleton (the "Individual Defendants") and Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, "Defendants"), which sets forth the terms and conditions of the proposed settlement (the "Settlement") of the above-captioned class action (the "*Gilbert* Action"), subject to review and approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

By Order dated March 24, 2016, the Court certified the proposed Class for settlement purposes only, granted preliminary approval of the proposed Settlement and set the date and time

for a Settlement Hearing (the "Preliminary Approval Order"). The Preliminary Approval Order also set forth certain procedures for notifying the Class, as well as allowing Class members to object to the Settlement terms. On June 28, 2016, after full briefing, the Court held the Settlement Hearing.

Reasonable and adequate notice having been given to then-current ANF Stockholders as required in the Preliminary Approval Order, and the Court having considered all of the papers filed and proceedings had in this matter and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used in this Final Judgment shall have the same meaning as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the *Gilbert* Action, including all matters necessary to effectuate the Settlement, and over all Parties.

3. In the Preliminary Approval Order, the Court has found the following to be members of the Class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1)(A) and (b)(2): all persons who held ANF common stock at any time during the period from August 7, 2014 through and including the close of trading on the date of the Settlement Hearing (the "Class Period") and who continued to hold ANF common stock as of the end of the Class Period, but excluding (i) the Individual Defendants and their respective immediate family members; and (ii) agents, attorneys,

heirs, successors-in-interest or assigns of any of the foregoing excluded persons.

4. The Court finds that the Settlement set forth in the Stipulation is fair, reasonable and adequate as to each of the Parties, and hereby finally approves the Settlement in all respects, finds that the Settlement set forth in the Stipulation provides substantial benefits to the Class, and orders the Parties to perform its terms to the extent the Parties have not already done so.

5. The *Gilbert* Action, all claims contained therein, and the Released Claims, are hereby ordered as compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings in the *Gilbert* Action and this Final Judgment. As among Class Plaintiff, ANF, the Individual Defendants and Wells Fargo, the Parties are each to bear their own costs, except as otherwise provided in the Stipulation.

6. Upon the Settlement Effective Date, Class Plaintiff and each and every member of the Class, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such only, are forever enjoined and permanently barred from instituting, commencing or prosecuting any and all Released Claims against any of the Released Persons.

7. Upon the Settlement Effective Date, Class Plaintiff and each and every member of the Class, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their

capacities as such only, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally and forever released, relinquished and discharged any and all Released Claims (including Unknown Claims) against the Released Persons.  Nothing in this Final Judgment shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

8. Upon the Settlement Effective Date, the Defendants shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally and forever released, relinquished and discharged Class Plaintiff and Class Plaintiff's Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the *Gilbert* Action or the Released Claims.  Nothing in this Final Judgment shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

9. The Court finds that Notice of the Settlement has been given to the Class pursuant to and in the manner directed in the Preliminary Approval Order; proofs of compliance with the notice procedures set forth in the Preliminary Approval Order were filed with the Court; and full opportunity to be heard has been offered to all Parties and the Class.  The form and manner of the Notice provided is hereby confirmed to fully satisfy the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and the requirements of due process, and it is further

      determined that Class Plaintiff and the Class are bound by this Final Judgment.

10. Class Plaintiff has held stock in ANF since the time of the conduct complained of in the *Gilbert* Action, has standing to prosecute the *Gilbert* Action, and is an adequate representative of all the Class.

11. The Court finds that, during the course of the *Gilbert* Action, the Parties and their counsel at all times complied with Rule 11 of the Federal Rules of Civil Procedure and all similar rules and laws.

12. Neither the Stipulation (including any exhibit attached to the Stipulation) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, the validity of any of the Released Claims, or of any fault, wrongdoing or liability of Defendants, or the validity of the Released Claims, or (ii) is intended to be offered or received as evidence or used by any other Person in any other action or proceeding, whether civil, criminal or administrative agency or other tribunal. The Parties, Class Plaintiff's Counsel and the Released Parties may file the Stipulation and/or the Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or

      reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Final Judgment in any way, the Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; and (ii) the Parties for the purpose of construing, enforcing and administering the Stipulation and the Settlement, including, if necessary, setting aside and vacating this Final Judgment, on motion of a Party, to the extent consistent with and in accordance with the Stipulation if the Settlement Effective Date fails to occur in accordance with the Stipulation.

14. This Final Judgment is a final, appealable judgment and shall be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

**DATED:   August 31, 2016**                    *s/ George C. Smith*
                                                             **GEORGE C. SMITH, JUDGE**
                                                             **UNITED STATES DISTRICT COURT**